IGNACIA S. MORENO
Assistant Attorney General
JEAN E. WILLIAMS
Section Chief
KRISTEN L. GUSTAFSON
Assistant Section Chief
RICKEY D. TURNER
Trial Attorney (CO Bar #38353)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C.  20044-7369
(202) 305-0229
E-mail: rickey.turner@usdoj.gov

Attorneys for Federal Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | CASE NO. 4:08-CV-00535-TUC-FRZ-DTF |
| Plaintiff, | **STIPULATED SETTLEMENT** |
| v. | |
| UNITED STATES FISH & WILDLIFE SERVICE, | |
| Federal Defendant, | |
| and | |
| ARIZONA MINING ASSOCIATION, | |
| Defendant-Intervenor. | |

Plaintiff Center for Biological Diversity, Defendant United States Fish and Wildlife Service ("Federal Defendant"), and Defendant-Intervenor Arizona Mining Association ("AMA"), by and through their undersigned counsel, state as follows:

WHEREAS, Federal Defendant listed the Southwestern Willow Flycatcher, a migratory songbird that nests in riparian vegetation in the southwestern portion of the United States, as an endangered species under the Endangered Species Act ("ESA") on February 27, 1995. 60 Fed. Reg. 10694 (1995).

WHEREAS, Federal Defendant subsequently designated critical habitat for the Southwestern Willow Flycatcher on July 22, 1997. 62 Fed. Reg. 44228 (1997).

WHEREAS, the 1997 critical habitat designation was found unlawful and set aside. New Mexico Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv., 248 F.3d 1277 (10th Cir. 2001).

WHEREAS, on October 19, 2005, Federal Defendant issued a revised critical habitat designation for the Southwestern Willow Flycatcher. 70 Fed. Reg. 60886 (2005).

WHEREAS, on October 2, 2008, Plaintiff filed a complaint for declaratory and injunctive relief alleging Federal Defendant's revised critical habitat designation to be arbitrary, capricious, and contrary to the ESA and Administrative Procedure Act ("APA").

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the dispute.

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1. Federal Defendant agrees to a voluntary remand of the 2005 final critical habitat rule and agrees to submit to the Federal Register a new proposed critical habitat

designation for the Southwestern Willow Flycatcher on or before July 31, 2011. Federal Defendant shall submit to the Federal Register a final determination on the proposed rule for the Southwestern Willow Flycatcher on or before July 31, 2012. During the pendency of the voluntary remand and until the effective date of the new final critical habitat determination, the October 19, 2005 designation of critical habitat for the Southwestern Willow Flycatcher shall remain in place and be effective.

2. In consideration of the Federal Defendant's agreement to reconsider its October 19, 2005 critical habitat rule and to meet the deadlines outlined above, Plaintiff agrees to dismiss the present action with prejudice. Notwithstanding the dismissal of this action, the parties respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

3. Any party may seek to modify the deadline for any actions specified in Paragraph 1 prior to the passing of the deadline, for good cause shown, consistent with the Federal Rules of Civil Procedure, by using the procedures specified in Paragraph 4.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that a party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, the party seeking the modification or raising the dispute shall provide the other parties with written notice of the claim. The parties agree that they will meet and confer, either in person or otherwise, at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim within a reasonable time, either party may seek relief from the Court. In the event that Federal Defendant fails to meet a deadline and has not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement.

Plaintiff's first motion to enforce the terms of the agreement shall not include a request for contempt sanctions. Plaintiff, however, may file a motion seeking contempt sanctions if Federal Defendant fails to comply with any subsequent Court order.

5.   No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination under 16 U.S.C. § 1533 or in any other proceeding regarding the Service's implementation of the ESA.

6.   Federal Defendant agrees that Plaintiff is the prevailing party in this action, and agrees to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g). Federal Defendant and Plaintiff agree to attempt to resolve Plaintiff's claims for fees and costs expeditiously and without the need for Court intervention. The Court shall retain jurisdiction over the case for the purpose of resolving any dispute between the parties regarding Plaintiff's claims for an award of fees and costs. If Federal Defendant and Plaintiff are unable to resolve attorneys' fees and costs, Plaintiff shall file any motion seeking such award within 45 days of the order adopting this Agreement. By this Agreement, Federal Defendant does not waive any right to contest fees claimed by Plaintiff, including the hourly rate, in any continuation of the present action or any future litigation.

7.   Plaintiff reserves the right to seek from Federal Defendant additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action. Federal Defendant reserves the right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

8.   No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendant take action in contravention of the

ESA, the APA, or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Federal Defendant by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, other than as set forth in paragraph 1, or as to the substance of any final determination.

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendant is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 USC 1341, or any other applicable appropriations law.  Further, nothing herein shall obligate or impose any obligation on the AMA to pay any fees and costs incurred by any other party to this litigation.

10. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties.  By entering into this Agreement the parties do not waive any claim or defense.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

13. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

RESPECTFULLY SUBMITTED this <u>13th</u> day of January, 2010.

/s/ Geoff Hickcox (by RDT)  
GEOFF HICKCOX  
Western Environmental Law Center  
679 E 2nd Ave., Ste 11B  
Durango, CO 81301

Phone: (970) 382-5902
Fax: (970) 385-6804
Email: ghickcox@gmail.com

Attorney for Plaintiff

IGNACIA S. MORENO,
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
KRISTEN L. GUSTAFSON,
Assistant Section Chief

/s/ Rickey D. Turner Jr.
RICKEY D. TURNER JR.,
Trial Attorney (CO Bar # 38353)
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0229
Fax: (202) 305-0275
Email: rickey.turner@usdoj.gov

Attorneys for Federal Defendant United
States Fish and Wildlife Service

/s/ Norman D. James (by RDT)
NORMAN D. JAMES
Fennemore Craig PC
3003 N Central Ave
Ste 2600
Phoenix, AZ 85012-2913
Phone: (602) 916-5000
Fax: (602) 916-5546
Email: njames@fclaw.com

Attorney for Defendant-Intervenor
Arizona Mining Association

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES FISH & WILDLIFE SERVICE,<br><br>　　　　Defendant. | CASE NO. 4:08-CV-00535-TUC-FRZ-DTF<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on January 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

　　　　　　　　　　　　　　　　　　*/s/ Rickey D. Turner Jr.*
　　　　　　　　　　　　　　　　　　RICKEY D. TURNER JR.

CoS　　　　　　　　　　　　　　　　　　　　　　　　　　　08-CV-00535-TUC-FRZ-DTF